UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALAN GULL,<br>   Plaintiff, | )<br>)<br>) |
| v. | )  CAUSE NO.: 2:21-CV-184-JEM |
| ANN MARIE ESTRADA,<br>   Defendant. | )<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [DE 14], filed August 17, 2021. Defendant argues that this case should be dismissed for lack of subject matter jurisdiction.

**I. Analysis**

On June 2, 2021, Plaintiff filed a Complaint, amended July 30, 2021, alleging claims of replevin and breach of contract arising out of a divorce. Defendant filed the instant motion to dismiss for lack of subject matter jurisdiction on August 17, 2021. On September 14, 2021, Plaintiff filed a response, and Defendant filed a reply on September 28, 2021.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

Plaintiff filed a Complaint alleging that the District Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and both defendants and an amount in controversy that exceeds $75,000. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001).

1

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Defendant asserts that Plaintiff has not established that this Court has subject matter jurisdiction, arguing that he has failed to meet his burden of proof with regard to the amount in controversy, that his claims of replevin are time barred, and that the parties have entered into a forum selection provision that should govern this matter.

The parties agree that the Settlement Agreement to resolve distribution of property between them, entered into by the parties on December 8, 2015, includes a "Dispute Provision" providing:

> In the event of any dispute between the parties concerning this Agreement, Alan and Ann Marie consent to the jurisdiction of Judge Young B. Kim and agree that Judge Kim shall serve as neutral arbitrator according to procedures to be specified by Judge Kim, and that Judge Kim's decision shall be binding and shall not be subject to appeal.

Compl. Ex. C ¶ 15 p. 12 [DE 12]. Defendant asserts that this forum selection claim governs the claims brought in this case and therefore the Court lacks jurisdiction over the claims. Plaintiff argues that the forum selection clause does not clearly specify where lawsuits should be filed and argues that the clause should only apply to a dispute brought as arbitration.

The Court notes that the clause applies to "any dispute between the parties" and that "[a]n agreement to arbitrate is a type of forum selection clause." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630–31 (1985); *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 844 (7th Cir.2009)). Because Defendant is seeking dismissal based on a forum selection clause, the Court will analyze

2

it under Federal Rule of Civil Procedure 12(b)(3). *Grasty v. Colo. Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015); *see also Auto. Mechanics Loc. 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (citing 5B Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 1352 at 318–19 (3d ed.2004); *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir.2003)). In ruling on a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), "reasonable inferences from the facts should be construed in the plaintiffs' favor." *Jackson*, 764 F.3d at 773.

In this case, Defendant argues that the parties' agreement to attend arbitration with Judge Kim governs this case. Under the Federal Arbitration Act, an arbitration clause in a "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2, and "[c]ourts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 228 (2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1984)). The Settlement Agreement involved the division of real property, including a house in Munster, Indiana, as well as division of personal property. The instant dispute involves personal property that Plaintiff alleges was stored at the Munster house that he is now seeking to recover. The parties clearly described their intent that disagreements concerning the agreement should be brought before Judge Kim in arbitration proceedings. Although Plaintiff argues that the clause does not require the parties to arbitrate, and only provides for a particular arbitrator in a situation where the parties have decided to arbitrate, the Court declines to read the provision in such a limited fashion. "Once it is clear . . . that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law. *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012) (citing

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir.1998)).

Although typically upon a determination that the matter should be referred to arbitration, the Act provides that ongoing court proceedings be stayed until arbitration is completed under the terms of the agreement, 9 U.S.C. § 3, because "[a]ll current claims are subject to arbitration . . . the court is not the proper venue for those claims and dismissal is an appropriate solution in this case." *Williams v. Conduent Hum. Servs. LLC*, No. 3:19-CV-1061 DRL-MGG, 2020 WL 3268497, at *5-6 (N.D. Ind. June 17, 2020) (citing *Grasty*, 599 F. Appx. at 597; *Baumann v. Finish Line, Inc.*, 421 F. App'x 632, 636 (7th Cir. 2011)).

Because the Court does not have jurisdiction over this case, it does not address the other arguments in Defendant's motion.

**II.   Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss [DE 14] and **ORDERS** that this case is **DISMISSED without prejudice**.

SO ORDERED this 27th day of January, 2022.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:   All counsel of record