UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALAN GULL,<br>  Plaintiff,<br><br>v.<br><br>ANN MARIE ESTRADA,<br>  Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 2:21-CV-184-JEM<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Rule 59(e) Motion to Amend or Alter Judgment [DE 24], filed by Plaintiff on February 24, 2022, and a Motion to Strike [DE 27], filed by Defendant on March 25, 2022.

**I. Background**

On June 2, 2021, Plaintiff filed a Complaint, amended July 30, 2021, alleging claims of replevin and breach of contract arising out of a divorce. On January 27, 2022, the Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction, concluding that the parties have a contract for arbitration with Judge Kim of some of the issues between them and therefore this Court does not have jurisdiction over this case.

Plaintiff filed the instant Motion on February 24, 2022, requesting the Court to reconsider its dismissal of the Complaint. Defendant filed a response on March 10, 2022. Plaintiff filed a belated reply on March 24, 2022, and Defendant filed a motion to strike it as untimely on March 25, 2022. Plaintiff filed a response to the motion to strike on April 8, 2022, and on April 15, 2022, Defendant filed a reply.

1

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

Federal Rule of Civil Procedure 59(e) governs "a motion to alter or amend a judgment" filed within 28 days of entry of judgment, and requires that a motion brought pursuant to Rule of 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). Motions to reconsider do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of*

2

*Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

**III.    Analysis**

As an initial matter, the Court addresses the motion to strike. Defendant requests that the Court strike Plaintiff's reply filed in support of the motion to alter judgment because it was filed late without leave. In response, Plaintiff argues that there was no prejudice because of the late filing, and belatedly requests an extension of time due to his misreading of the Local Rules. However, Plaintiff never filed a separate motion for extension of time to file his reply and including the request in the brief is procedurally deficient. *See* N.D. Ind. L.R. 7-1(a) ("Motions must be filed separately."). Despite that, the Court finds that Plaintiff's briefing error was due to excusable neglect, Fed. R. Civ. P. 6(b), and will not strike the reply.

Plaintiff argues that the dismissal of Court 1 is a manifest error of law and fact, asserting that the personal property described in Count 1 is not listed in the Settlement Agreement and therefore this case is not subject to the arbitration provision. He argues that the dismissal was an improper *sua sponte* decision because Defendant did not seek to dismiss Count 1 pursuant to the terms of Settlement Agreement, and Plaintiff did not brief the question of venue. Defendant argues that personal property at issue in this litigation was included in the litigation that led to the Settlement Agreement and that it was clear that she was seeking dismissal of Count 1 pursuant to the Settlement Agreement. She argues that the issue of venue was raised in the motion to dismiss and fully briefed by the parties, including her contention that items in the house were included in the Settlement Agreement.

Indeed, in Defendant's brief in support of her motion to dismiss, she argued that the Settlement Agreement contains a clause providing for Judge Kim in the Northern District of Illinois to have jurisdiction over all claims arising out of the Settlement Agreement, and also specifically identified Michigan License Plate 1 as an item of personal property subject to the Settlement Agreement as well as the instant case. Def. Br. 11 [DE 15]. She did not move to dismiss only Count II pursuant to the Settlement Agreement. In reply, Plaintiff now argues that the fact that the Settlement Agreement provides that "[Defendant] currently owns Michigan license plate #1" and "shall retain the License plate free and clear of any claims from [Plaintiff]" does not mean that that Michigan License Plate 1 is included as an item of personal property subject to the Settlement Agreement. Not only is this argument waived because it was not raised in the initial brief, *see Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004) (finding argument waived when made for the first time in reply brief), but it also could have been made in the initial briefing on the motion to dismiss.

The Court did not misunderstand either party or make a decision outside the adversarial issues presented to the Court by Defendant's opening brief. The instant dispute involves personal property, including personal property specifically included in the Settlement Agreement, that Plaintiff alleges was stored at the Munster house and is now seeking to recover.

Plaintiff also argues that he has discovered the new fact that Indiana is the only remaining jurisdiction for his claims. Plaintiff asserts on July 26, 2021, Defendant's motion to dismiss was granted in Cook County Circuit Court, finding lack of jurisdiction over the claims for breach of the Settlement Agreement. Defendant argues that the information Plaintiff cites to was within his possession during the pendency of briefing on the motion to dismiss, since Defendant's motion to

dismiss in this case was not filed until August 17, 2021, with Plaintiff's response filed September 14, 2021, almost two months after the dismissal of the Cook County case. Plaintiff's decision not to raise the issue of jurisdiction during the pendency of that motion does not make it newly-discovered.

**IV.    Conclusion**

Accordingly, the Court hereby **DENIES** the Rule 59(e) Motion to Amend or Alter Judgment [DE 24]. The Court also **DENIES** the Motion to Strike [DE 27].

SO ORDERED this 22nd day of August, 2022.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc:   All counsel of record